## Tong v. Chin et al.

*Milford J. Meyer*, for plaintiff.
*George J. Harding*, for defendants.

ALESSANDRONI, J., July 1, 1938.—This bill in equity was filed by Tong Y. Chin, a judgment creditor of defendant, Chin Wing Teung, to enjoin the debtor from transferring shares of stock which he owned in the defendant corporation, the Chin Lee Manufacturing Company, a Pennsylvania corporation, and to obtain satisfaction of the indebtedness by requiring defendant to turn over the said shares of stock to the sheriff for execution upon the judgment. Defendant, without answering to the merits of the bill, questioned the jurisdiction of equity and also filed a claim of exemption. Upon consideration of the pleadings, testimony, and the admission contained therein, the court makes the following

### Findings of fact

1. Tong Y. Chin recovered judgment against defendant Chin Wing Teung in the sum of $205.92, which sum with interest thereon from April 28, 1937, is due and unpaid.

2. Defendant Chin Lee Manufacturing Company is a Pennsylvania corporation.

3. Defendant Chin Wing Teung owns both the legal and equitable title to 32 shares of stock of the defendant corporation.

4. The balance of the outstanding shares of stock of the defendant corporation consists of 34 shares, legal title to which is held as follows: Quong Tee Chin, 931 Race Street, Philadelphia, 1 share; Chin Yim, Newark, N. J., 32 shares; Chin Wah, Boston, Mass., 1 share.

5. Defendant Chin Wing Teung, however, owns the entire equitable and beneficial interest in the shares of stock carried in the names of Quong Tee Chin, Chin Yim, and Chin Wah.

### Discussion

Defendant Chin Wing Teung was called by plaintiff as on cross-examination. It appeared that the capital structure of the defendant corporation consisted of 200 shares of preferred stock, $25 par value, and 150 shares

of common stock, no par value. There were, however, only 66 shares of stock outstanding, all of which were of the no par common class. Defendant admitted that he was the holder of 32 shares of those outstanding and, furthermore, that those shares held in the names of others were actually owned by him. Counsel for defendant admitted the indebtedness evidenced by the judgment in favor of plaintiff, and in addition, agreed that whatever proprietary interest defendant owned in the Chin Lee Manufacturing Company, either directly or indirectly, be subjected to the prayers of this bill. He contended, however, that the stock of the defendant corporation was worthless, and, therefore, filed a claim of exemption.

It is not the province of a chancellor to consider the value of stock nor to entertain an exemption claim. Such a claim should be presented to the sheriff. The claim must, therefore, be dismissed without prejudice to defendant's right to present it at the proper time and place.

The right of plaintiff to bring this bill in equity is founded upon sections 13 and 14 of the Uniform Stock Transfer Act of May 5, 1911, P. L. 126, 15 PS §§313, 314. Section 13 of that act provides:

"No attachment or levy upon shares of stock for which a certificate is outstanding shall be valid until such certificate be actually seized by the officer making the attachment or levy, or be surrendered to the corporation which issued it, or its transfer by the holder be enjoined."

It is apparent that the use of an attachment execution is practically ineffective under such conditions. Shares of stock are usually held in safekeeping and, therefore, are not readily seizable. Therefore, the succeeding section of the Uniform Stock Transfer Act, namely, section 14, provides as follows:

"A creditor whose debtor is the owner of a certificate shall be entitled to such aid from courts of appropriate jurisdiction by injunction and otherwise, in attaching such certificate or in satisfying the claim by means thereof, as is allowed at law or in equity in regard to

property which can not readily be attached or levied upon by ordinary legal process."

This act is practically identical with the Uniform Bills of Lading Act of June 9, 1911, P. L. 838, secs. 24, 25, 6 PS §§74, 75. The ineffectiveness of a levy or attachment execution and the remedies given to creditors in lieu thereof are exactly the same in both acts. The essential characteristic of the subject sought in execution, namely, its negotiability, renders ineffective any type of execution which does not deprive the debtor of the power of further negotiation. It was, therefore, necessary to provide that any execution was invalid unless it deprived the debtor of this power. In lieu thereof a more efficacious procedure was directed and the creditor was given "such aid from courts of appropriate jurisdiction, by injunction and otherwise, in attaching such bill or in satisfying the claim by means thereof, as is allowed at law or in equity in regard to property which cannot readily be attached or levied upon by ordinary legal process."

The Supreme Court in the case of Pottash et al. v. Albany Oil Co., 274 Pa. 384, stated at page 387:

"As already pointed out, section 24 forbids the attachment 'unless the bill be first surrendered to the carrier or its negotiation enjoined'; these words are not doubtful in meaning. In Patton v. Marr, 44 N. C. 377, 379, it is correctly said: 'Whenever the word "enjoin" is used in legal proceedings, it must be understood that further proceedings [are to be] . . . stayed by order of a court of equity.' The application of this rule to the present case is rendered doubly clear, not only by the use of the word 'injunction' in section 25; but by the further fact that the carrier cannot be 'compelled to deliver the actual possession of the goods until the bill is surrendered to him or impounded by the court,' there being no method known to the law by which the holder of a bill of lading can be compelled to deliver it to the court for impounding, save only by a bill in equity or proceedings in the nature thereof. Neither this nor any other statute con-

templates a substitute in cases of this character, but only the time-honored method in equity; doubtless the courts could devise a means, if necessary to effectuate justice, but to do so under these circumstances would only establish a method less flexible and more cumbersome than a bill in equity, requiring every essential step to be taken as provided for chancery proceedings." And the court further stated in the same case at page 388:

"In the present instance, if plaintiffs had followed the clear provisions of the statute, instead of trying to find a substitute for them, a bill in equity would have been filed against the bank as holder of the bill of lading, the defendant as the alleged owner of it, the consignee of the goods as the one entitled to receive them on payment of the bill and its receipt and surrender to the railroad, and the latter as the party in possession of the goods, required to deliver them on surrender of the bill. To the legal mind it is evident that the rights of all these parties may be easily protected through the flexible machinery of a court of equity; it is certain they cannot be unless in substance this course is pursued."

It is apparent, as the Supreme Court pointed out, that the least cumbersome and most flexible method under such circumstances is relief through a bill in equity, and it is elementary that once a court of equity assumes jurisdiction it needs no outside aid to complete its task and afford adequate relief.

A decree should, therefore, be entered restraining the debtor and the defendant corporation from transferring the shares of stock held in the name of the former. Since the registered owners of the remaining shares of stock are not parties to this action no decree can be entered which affects their rights. Defendant admits, however, that those persons are merely his nominees and that he is the owner of the entire equitable and beneficial interest of all shares of stock standing in their names. It is, therefore, proper that he be ordered to execute an assignment of that interest for execution.

*Conclusions of law*

1. Defendant Chin Wing Tueng is the owner of all the outstanding shares of stock in the Chin Lee Manufacturing Company, 32 shares of which are held in his name and 34 shares of which are held in the names of his nominees as aforesaid.

2. By virtue of sections 13 and 14 of the Uniform Stock Transfer Act, supra, a judgment creditor is entitled to relief in a court of equity to aid in execution upon shares of stock of a domestic corporation, and may enjoin the transfer thereof and require defendant to turn over and deliver the same for purposes of execution.

3. Defendant Chin Wing Teung shall pay the costs of this proceeding. . . .

*Decree nisi*

And now, to wit, July 1, 1938, it is ordered, adjudged, and decreed that defendant Chin Wing Teung and the Chin Lee Manufacturing Company be and are hereby restrained and enjoined from transferring any of the outstanding shares of stock of the Chin Lee Manufacturing Company except as hereinafter ordered; that defendant, Chin Wing Teung, is ordered to endorse, turn over and deliver to the Sheriff of Philadelphia County 32 shares of no par common stock of the Chin Lee Manufacturing Company presently in his name, for the purpose of selling the same to satisfy plaintiff's judgment; that defendant Chin Wing Teung is further ordered to execute, turn over and deliver to the Sheriff of Philadelphia County an assignment of all his right, title and interest in and to the 34 shares of no par common stock of the Chin Lee Manufacturing Company standing in the names of Quong Tee Chin, Chin Yim, and Chin Wah for the purpose of selling the same to satisfy plaintiff's judgment; and that defendant pay the costs of these proceedings.